UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

*FILED ELECTRONICALLY*

| | | |
|---|---|---|
| VANESSA HUMPHREY, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| LIFE INSURANCE | ) | |
| COMPANY OF NORTH AMERICA, | ) | |
| | ) | |
| DEFENDANT | ) | |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Life Insurance Company of North America ("LINA"), by counsel, hereby files this Notice of Removal to the United States District Court for the Eastern District of Kentucky, at Lexington, and states as follows:

1.     On or about December 28, 2017 the Complaint in Case No. 17-CI-00823 was filed in Scott Circuit Court by Plaintiff against LINA. The Summons, along with the Complaint, were served on LINA by certified mail and received on or about January 17, 2018.  A copy of the Summons and Complaint is attached hereto as Exhibit A and constitutes all process, pleadings and orders served upon LINA to date in this action.

2.     This Notice of Removal is filed within thirty (30) days after receipt by LINA of a copy of the Complaint and Summons in this action and Plaintiff is estopped from seeking remand of this matter on this basis.

3.     This action is of a civil nature arising from Plaintiff's claim for an alleged breach of contract and involving a claim for benefits pursuant to an employee welfare benefit plan, specifically a long-term disability plan established by Plaintiff's employer and funded by a long-

term disability insurance policy issued by LINA.  Plaintiff also seeks a judgment declaring that she is entitled to future long-term disability benefits and interest, and she seeks an award of attorney's fees.

## FEDERAL QUESTION JURISDICTION

4.      This is an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132 and 1144, inasmuch as the Complaint claims long-term disability benefits provided by an employee welfare benefit plan, established or maintained by Plaintiff's employer and regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  In the Complaint, Plaintiff explicitly seeks benefits provided under group insurance policy FLK-0980011, which insures long term disability benefits under an employee benefit plan established and maintained by her employer, Toyota Motor Manufacturing, Kentucky, Inc. (Cmplt., ¶4).

5.      The employee benefit plan established and maintained by Toyota Motor Manufacturing, Kentucky, Inc., and any claim for benefits thereunder, are subject to ERISA. *See, e.g., Johnson v. Life Ins. Co. of N. Am.*, 2017 WL 412632 (E.D. Ky. Jan. 30, 2017)(slip op.); *Hatfield v. Life Ins. Co. of N. Am.*, 2015 WL 5680347 (E.D. Ky. 2015).

6.      There can be no dispute that this action is governed by ERISA and that this Court, therefore, has original federal subject matter jurisdiction over it. In her Complaint, Plaintiff alleges that "[t]he LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U. S. C. § 1001 *et seq.*," (Cmplt., ¶ 34), and she avers a single claim which she expressly bases on ERISA's remedy provision, 29 U.S.C. § 1132(a)(1(B). (Cmplt., ¶¶ 38-42).

2

7.      While Plaintiff alleges no state law claims in her Complaint, if she were to attempt to amend and aver such claims ERISA would preempt any state law claims and causes of action as it provides exclusive federal remedies for resolution of claims relating to plan benefits by plan participants and beneficiaries, 29 U.S.C. §§ 1132 and 1144. Similarly, because this case is subject to ERISA Plaintiff's demand for trial by jury is nullified by controlling federal law.

8.      For the foregoing reasons, Plaintiff's action is removable to this Court pursuant to 29 U.S.C. § 1441 as an action founded upon a claim or right arising out of the laws of the United States.  An action relating to benefits provided by an ERISA plan is properly removable, even if the defense of ERISA preemption does not appear on the face of the Complaint.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 107 S. Ct. 1542 (1987).

WHEREFORE, Defendant, Life Insurance Company of North America, hereby gives notice of this removal from the Scott Circuit Court to the United States District Court for the Eastern District of Kentucky, at Lexington.

Respectfully submitted,

/s/David A. Calhoun
Mitzi D. Wyrick
David A. Calhoun
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky  40202-2898
(502) 589-5235
(502) 589-0309
mitziwyrick@wyattfirm.com
dcalhoun@wyattfirm.com
*Counsel for Defendant, Life Insurance Company of North America*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 6th day of February, 2018 the foregoing Notice of Removal was filed with the clerk using the Court's CM/ECF System. The undersigned further certifies a copy of same was served this 6th day of February, 2018 upon:

Philip G. Fairbanks
Mehr, Fairbanks & Peterson Trial Lawyers, PLLC
201 West Vine Street, Suite 800
Lexington, KY 40507

Jason Thompson
Rosenbaum & Thompson, PLLC
201 West Vine Street, Suite 300
Lexington, KY 40507

/s/David A. Calhoun
*One of Counsel for Defendant, Life Insurance Company of North America*

61705151.1

4